LESTRADE<br>v.<br>PERRERA.

ROST, J. The defendant employed the plaintiff as broker to sell a house and lot, and promised him a commission of two per cent on the price, if he obtained for the property sixteen thousand dollars: ten thousand cash, and the balance at one year, without interest.

The plaintiff introduced to him *Vanzini*, who was willing to give the price asked; but the defendant refused to sell, giving as the only reason, that he had changed his mind. The negotiation was apparently broken off; but two or three days after, the parties met, without the intervention of a broker, and the defendant sold *Vanzini* the property for $16,000 cash. The plaintiff claims, and the district court has allowed, the stipulated commission.

As the district judge gave faith to the testimony of the plaintiff's witnesses, we are unable to perceive the grounds upon which the appellant relies for a reversal of the judgment. He was put into communication with *Vanzini* by the plaintiff, and finally obtained from him terms more advantageous than those at which he had offered to sell. He could not deprive the plaintiff of his just dues by closing the contract which the latter had enabled him to make, without his intervention. *Levistone* v. *Landreaux*, and cases there cited, *ante*, p. 26.

The judgment is affirmed, with costs.

<hr>

## PAUL LESTRADE *v.* GABRIEL VANZINI.

Where a person makes an engagement with a broker for the purchase of a house, and the principal refuses to sell the house on the terms stipulated by the broker, but does sell at an increased price, the broker cannot claim his commissions of the purchaser.

APPEAL from Third District Court of New Orleans, *Kennedy*, J. *L. Castera*, for plaintiff. *C. Roselius*, for defendant. The judgment of the court was pronounced by

ROST, J. This case is the sequel of the one just determined. It seems that after *Perrera* had spoken to *Lestrade* to sell his house, and before the price was named, *Lestrade* offered it to *Vanzini*, who told him that if he could get it at sixteen thousand dollars, ten thousand cash, and the rest at one year without interest, he would also give him a commission of two per cent. The plaintiff now claims that commission, and has appealed from the judgment rendered against him.

We are of opinion that the judgment should be affirmed. This is a transaction out of the usual course of business, and we feel bound to say, that we are not fully satisfied with the evidence adduced in support of it. But if we were, we would sustain the judgment on the ground that the condition appended to the defendant's promise has not happened. He was to pay the commission only in case he became the purchaser at sixteen thousand dollars; six thousand of which were to be on a credit of one year, without any interest. He had to pay the entire price cash, and the interest he thus lost would amount to more than the commission claimed. The plaintiff has failed to make out his case.

The judgment is affirmed, with costs.