(79 South. 172)

No. 21429.

FORD v. SHAFFER et al.

(April 29, 1918. Rehearing Denied June 29, 1918.)

*(Syllabus by the Court.)*

BROKERS &#61; 56(3) — RIGHT TO COMMISSION — SERVICES.

    The conditions of a brokerage contract being that the owner of the property is to pay a stipulated commission if the broker effects a sale or procures a purchaser at a stated price, the broker is not entitled to the commission if the owner sells the property without the broker's aid, long after the broker has tried and failed to effect a sale, even though the sale was made to one whom the broker introduced, but failed to interest, as a prospective purchaser.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Action by Julius C. Ford against Mrs. Mary A. Shaffer and another. Judgment for plaintiff, and defendants appeal. Judgment annulled, and plaintiff's demand rejected.

Price & Price, of Ruston, Joseph A. Loret,

Caffery, Quintero & Brumby, of Franklin, and T. Jones Cross, of Baton Rouge, for appellants. Taylor & Porter, of Baton Rouge, of Baton Rouge, and Miller, Miller & Fletchinger, of New Orleans, for appellee.

O'NIELL, J. The defendant appeals from a judgment condemning her to pay the plaintiff a broker's commission for the sale of her plantation.

She agreed to pay the commission if the plaintiff should bring about a sale, or procure a purchaser, at $40 an acre for the land, including the cattle on the place.

The plaintiff visited the plantation with a prospective purchaser, a Mr. Fabacher, and introduced him to the defendant; but the public road leading to the place was then in very bad condition, the automobile bogged, the men had to get out and walk, and Mr. Fabacher was so disgusted when he arrived at the place that he refused to look over the property or to consider a proposition of sale at any price. The negotiations between him and the plaintiff were then at an end, except that the plaintiff thereafter tried unsuccessfully to interest him in the defendant's plantation or in any other of the places that the plaintiff, as a real estate agent, had for sale.

More than ten months after the visit of the plaintiff and his prospective customer, the defendant's husband undertook to sell the place, and, without the plaintiff's aid or knowledge, sold it to Mr. Fabacher. In the meantime, the police jury had made arrangements to gravel the public roads of the parish, and it was the assurance that that improvement would be made in the vicinity that caused Mr. Fabacher to consider the matter of buying the plantation. He paid $37.50 an acre for the place, without the cattle. The defendant sold the cattle afterward at a price that made the total more than the land would have brought at $40 an acre.

We are convinced from the evidence—particularly the testimony of Mr. Fabacher—that the plaintiff's undertaking to sell the property was a failure; that it was the assurance that there would be a model road leading to the place that brought about the sale; and that the plaintiff did not aid at all in the transaction.

The theory of the plaintiff's suit seems to be that he had a vested interest in any sale that might be made to the man whom he introduced as a prospective purchaser. The doctrine which this court has recognized to the contrary is that a broker who has failed in an attempt to effect a sale is not entitled to a broker's commission on a sale made afterwards by the principal to the person to whom the broker tried and failed to sell the property. Lewis v. Manson, 132 La. 817, 61 South. 835; Hauch v. Bonnabel, 134 La. 847, 64 South. 795. Our conclusion is that the

plaintiff is not entitled to a broker's commission.

The judgment appealed from is annulled and the plaintiff's demand is rejected at his cost.