LEAMAN, Appellant, v. MRS. VALLOFT, WIFE OF SIMMONS

(February 28, 1927. Opinion and Decree.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Appeal—Par. 625.**

Where only matters of fact are involved the judgment of the lower court will be affirmed, unless clearly erroneous.

Appeal from Civil District Court, Division "F". Hon. Percy Saint, Judge.

Action by P. J. Leaman against Mrs. Lillian Valloft, wife of Barrett P. Simmons, et al.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Walter Hamlin, of New Orleans, attorney for plaintiff, appellee.

A. D. Danziger, of New Orleans, attorney for defendant, appellant.

JONES, J. This is a suit for a real estate commission of three hundred and fifty-one dollars ($351.00) against the former owners of the property.

Plaintiff alleges that defendants made an exclusive contract with him on January 11, 1923, for the sale of the property, 4164 Canal street, to remain in effect, unless

cancelled by sixty days written notice; that Miss M. Babin saw one of his advertisements on May 2, 1923, inspected the premises, and told defendants that the price was too high; that defendants, on May 12, informed him that Miss Babin was favorably impressed with the property, and, on May 15, that she had tried to deal directly with them but had been referred to plaintiff; that he agreed on June 6, 1923, to cancel the contract sixty days from that date and so wrote on the back of the contract; that he learned later that Miss Babin had made an offer of eleven thousand dollars ($11,000.00) on May 29 for the property through another agent, and that she had finally bought, on July 7, for eleven thousand and seven hundred dollars ($11,700.00) through the same agent.

He prays for judgment for three hundred and fifty one dollars ($351.00) on the ground that the property was sold during his exclusive agency, or, in the alternative, if it be held that his contract had been cancelled, then on the ground that he was the procuring cause of the sale.

Defendants answered, admitting the contract, and that Miss Babin inspected the property and was referred by them to plaintiff prior to June 5. They averred that defendant had cancelled the contract on June 5, 1923, by writing in his office in the presence of Mrs. Simmons on the back thereof: "Cancelled 6-5-23. P. J. L.", and later plaintiff had fraudulently inserted, without defendants' knowledge, the words "to be" and "six days from date of".

They admit that offer was made through Cody for eleven thousand dollars ($11,000.00) on May 29, but was not accepted because Leaman then had exclusive contract; that they later sold the property to Miss Babin for eleven thousand and seven hundred dollars ($11,700.00).

It would serve no useful purpose to analyze here the voluminous evidence about the cancellation of the contract. Although the statements are conflicting, we cannot say that the judge of the lower court, who saw and heard the witnesses, was wrong in finding that plaintiff has failed to make his case certain on this point.

Plaintiff testified that he advertised the property four times in the Times-Picayune, the last publication having been made on March 25, and he filed in evidence a typewritten copy of a letter from his office to Mrs. B. P. Simmons, of date May 1, 1923, notifying her he was dealing with Miss Babin as a prospective purchaser. Mrs. Simmons denies that she received this letter and Miss Babin seems uncertain whether her attention was first called to the property by the advertisement of plaintiff. At any rate, defendants admit that she did inspect the property and they referred her to plaintiff as their agent. Defendant, Mrs. Simmons, swears that plaintiff told her on June 5 that he could not sell the property for eleven thousand dollars ($11,000.00) and was willing to cease trying. The evidence also shows that Miss Babin made an offer through Cody on May 29 for eleven thousand dollars ($11,000.00), which was declined by defendants, and that they accepted the offer of Miss Babin through Cody on June 11 for eleven thousand and seven hundred dollars ($11,700.00).

Under these facts was plaintiff the procuring cause? Even if we admit that Miss Babin was first attracted to the property by his advertisement on March 25, which is not clearly proved, we think that the fact that she then declined to pay the price of eleven thousand dollars ($11,000.00) on the ground that the price was too high, and that a month later she made

an offer for that amount through another agent, which was declined, tends to show that plaintiff had not been successful in impressing her and that he had good grounds for thinking that he could not sell the property for that amount and, therefore, for cancelling the contract.

Apparently he had ceased since March 25 to advertise the property and had succeeded in interesting only one person, who had declined to pay the price through him. Had the property been sold to Miss Babin for eleven thousand dollars ($11,00.00), plaintiff's claim would have been far stronger. The fact that she paid eleven thousand and seven hundred dollars ($11,700.00) a short time after plaintiff withdrew from the transaction tends strongly to show that some new cause must have intervened.

The Supreme Court held in the case of Lestrade vs. Gabriel Vanzini, 6 La. Ann. 399, that the broker cannot claim his commission where the property is sold at a higher price than that stipulated in the contract with the broker.

In the case of Lewis vs. Manson, 132 La. 817, 61 South. 835, the Supreme Court held as follows:

"If a broker attempts unsuccessfully to effect a sale of land and his proposed purchaser abandons the idea of buying, but he is afterwards induced to do so by the principal or by another person, without being in any way influenced by the broker, the latter is not entitled to any commission."

See also Taylor vs. Jay, 119 La. 163, 43 South. 993.

Junk vs. Golden Ranch Co., 122 La. 794, 48 South. 267.

For above reasons the judgment is affirmed.