No. 3139

Second Circuit

———

TURNER v. SWANN

———

(November 18, 1929. Opinion and Decree.)

———

John G. Gibbs, of Shreveport, attorney for plaintiff, appellant.

B. F. Roberts, of Shreveport, attorney for defendant, appellee.

ODOM, J. Plaintiff brings this suit against defendant to recover the sum of $875 for commissions which he alleges are due him on a sale of real estate. His demands were rejected by the lower court and he prosecutes this appeal.

The facts, as disclosed by the record, are that the plaintiff is a real estate broker, licensed to transact business as such under the laws of the State of Louisiana, and that in July or August, 1925, the defendant, Swann, listed with him under verbal agreement certain property for sale, with the understanding that in case plaintiff negotiated a sale for the said property, he would be entitled to the usual commissions for making such sale. But defendant did not give to plaintiff the exclusive right to make a sale of the property. At the time this property was listed with plaintiff for sale, the City of Shreveport contemplated the purchase of a site for a tourist camp and a committee had been appointed by the Junior Chamber of Commerce of the city to urge upon it the necessity of purchasing such a site and to advise with the city officials as to the location of the camp. Plaintiff, immediately after the listing of the property with him, informed defendant that he expected to offer this property to the city. He made, or had made, a plat of the property showing the area and location thereof and took up with the city officials, as well as the members of the committee, the proposition of their purchasing this particular property for the camp. At that time, the defendant had not listed with plaintiff all the property which he owned in that locality, but specifically reserved certain lots thereof. The price which plaintiff was authorized to accept for the property listed was $15,000. The committee above referred to was not favorably impressed with the property and so informed plaintiff and the city officials, and the proposition which plaintiff made to the city was refused or turned down, as is evidenced by the testimony of plaintiff himself as well as that of the city officials. We find in the record a letter written by the mayor to plaintiff, dated August 25, 1925, reading as follows:

"I am in receipt of yours of the 13th inst., which came during my absence attending the K. T. Encampment at Seattle. I wish to advise that the City will not be interested in the purchase of the property referred to in your letter, being 3-¼ acres for which a price of $15,000 has been asked."

The record further discloses that in June or July, 1926, nearly one year after the city had declined to accept the proposition made to it by the plaintiff, the defendant, Swann, began negotiations with the city officials looking to a sale to the city of the property which had been previously offered by the plaintiff, together with other property which he owned adjoining the same. The negotiations between defendant and the city resulted in a sale of the property to the city at the price of $25,000. The negotiations which resulted in the sale of the property to the city were conducted by defendant independently of the services of plaintiff.

The plaintiff contends that inasmuch as he first offered this property, or at least a part of it, to the city of Shreveport, and that inasmuch as the city finally purchased the property, defendant is due him commissions on the sale, even though the final negotiations and sale were conducted and made by defendant personally.

In support of his claim, counsel cites the case of Atkins vs. Anisman, No. 2783, 123 So. 470, August 3, 1929, where this court held that where a broker procured a purchaser subsequently buying the property for an agreed price directly from principal, the broker is entitled to his commission, regardless of the fact that the owner had paid a commission to another broker in the transaction. He also

cites Grace Ry. Co. vs. Noel, 156 La., 63, 100 So. 51; Grace Realty Company vs. Peytavin Planting Company, 156 La. 93, 100 So. 62; and J. R. Grand Agency Company vs. Staring, 156 La. 1094, 101 So. 753.

In the first of the above cited cases, it was held that where a broker procured a purchaser who bought direct from the principal, who, to consummate the sale, reduced the cash payment, the broker was entitled to his commission; and in the second of the cited cases it was held that where the broker opened the negotiations with the purchaser, and the principal, without termination of the agency or negotiations so commenced, concluded the sale for a less sum than the price fixed, the broker was entitled to a ratable proportion of the fixed commission; and in the third of the said cited cases, it was held that the duty to pay commissions arises from equitable considerations and from the operation of the law and is based "upon the equitable maxim that no one is permitted to enrich himself at the expense of his neighbor." The court there found that the services and expenditures of plaintiff had inured to the benefit of the defendant and that defendant must pay the commission.

The holdings in these cases were based upon the proposition that the broker had found a purchaser for the property and that his services had inured to the benefit of his principal.

Under the above cited authorities and many others which might be cited, if the plaintiff in the present case had found a purchaser for the property in question and had been instrumental in making the sale for his principal, he would be unquestionably entitled to the commission for which he sues, but the facts, as disclosed by the record, are that the plaintiff had nothing whatever to do with the sale finally consummated. Defendant did not give to the plaintiff the exclusive right to sell his property and, therefore, had a right to make the sale independently Defendant, however, had no right to take advantage of the services of plaintiff and sell the property independently to a prospective purchaser found by plaintiff and thereby defeat plaintiff's right to a commission. The record does not disclose that defendant did this. The facts are that plaintiff did offer this property to the city of Shreveport and made an effort to induce the city to accept it, but his offer was rejected and his negotiations came to naught. If plaintiff ever made any further efforts to sell the property to the city, the record fails to disclose that fact. About ten months after plaintiff's negotiations had failed, the defendant took the matter up with the city and finally closed the sale—not of the property originally offered, but of that property, together with other lots adjacent thereto.

Cases like this fall, not under the decisions above referred to, but are governed by the rule announced in Lewis vs. Manson, 132 La. 817, 61 So. 835; Hauch vs. Bonnabel, 134 La. 847, 64 So. 795; and Ford vs. Shaffer et al., 143 La. 635, 79 So. 172.

In the case of Lewis vs. Manson, supra, it was held that if a broker attempts unsuccessfully to effect a sale of land and his prospective purchaser abandons the idea of buying, but is afterwards induced to do so by the principal, the broker is not entitled to a commission. That is precisely what happened in the case at bar. The plaintiff attempted to negotiate a sale

with the city. The city turned his proposition down and negotiations between the two ceased. Long after that, the defendant took the matter up with the city and, through his own efforts, made the sale.

In other words, plaintiff's efforts to make the sale to the city resulted in failure. In the case of Ford vs. Shaffer et al., supra, the court, through its organ, used the following language which we think is applicable to the present case:

"The theory of plaintiff's suit seems to be that he had a vested interest in any sale that might be made to the man whom he introduced as a prospective purchaser. The doctrine which this Court has recognized to the contrary is that a broker who has failed in an attempt to effect a sale is not entitled to a broker's commission on a sale made afterwards by the principal to the person to whom the broker tried and failed to sell the property."

The judgment appealed from is correct, and is, therefore, affirmed, with costs.