This is a suit in which plaintiff, a duly licensed real estate broker, seeks judgment in the sum of $350 from defendant, which amount is claimed to be due as commission on the sale of property belonging to defendant.
The record is made up principally of testimony of plaintiff and defendant, which testimony is conflicting but not to such an extent as we believe obscures the true facts.
The substantial facts as reflected by the testimony of the witnesses are as follows:
Plaintiff sought and received from defendant authorization to sell the property in question, but it is plain that this authorization was not in the nature of an exclusive contract. Plaintiff went to some effort and performed some services in the attempt to find a purchaser, but it does not appear that such efforts met with any success. One John B. Bates, the eventual purchaser of the property, in a telephone conversation with plaintiff made inquiry about the property, and, subsequently, through his own real estate broker, C.M. Teat, entered into negotiations with the defendant, which negotiations eventually led to the consummation of the sale. Negotiations were completed, the sale was made, and a commission was paid by the purchaser to his broker. Defendant paid no commission and refused the demands of plaintiff.
The burden of plaintiff's contention is to the effect that after being authorized to sell the property he prepared a brief giving the salient facts and information in connection with the property; that he caused a copy to be delivered to Bates, who, after receiving the brief, made defendant an offer which eventually resulted in a deal.
The facts do not bear out plaintiff's contention, and, on the contrary, it appears that the brief in question was delivered to Mr. Bates by a third person, and that plaintiff knew nothing of the interest of Bates in the property until he was called by the said Bates, who was making inquiry with reference to the property. In this connection, we think it is significant that plaintiff did not call or offer the testimony of Bates, the purchaser of the property.
Plaintiff relies upon Myevre v. Norton, La.App., 6 So.2d 215, and Sollie v. People's Bank Trust Company, La.App., 194 So. 116. We do not believe that these cases are applicable since the rules laid down are specifically predicated upon facts showing that the brokers in the cases in question were instrumental in procuring and introducing the purchaser.
The elements necessary are clearly set forth in the Sollie case and are quoted in brief of plaintiff's counsel to the following effect:
"* * * it is not necessary that the broker should negotiate the sale when he has found, or procured, or if he has introduced, or given the name of, a purchaser who is able, ready and willing to purchase the property upon the terms named by the principal * * *."
On the basis of the facts in the case before us we do not find that any of the elements *Page 475 
set forth in the above quotation are present.
The case of Crasto v. Pohlman, 12 La.App. 685, 127 So. 89, appears to us to be directly in point, and clearly states the rule which has been consistently followed in Louisiana to the effect that the mere showing of property to a purchaser, who thereafter negotiated directly with the owner, does not entitle a broker, who has no exclusive agency to sell, to a commission.
The trial Court gave judgment in favor of defendant rejecting plaintiff's demands, which judgment we believe to be correct.
Accordingly, the judgment appealed from is affirmed at appellant's cost.