Alleging that it was through his efforts that the sale of certain real estate owned by defendant and listed with plaintiff was effected, plaintiff, a real estate agent in Rapides Parish, Louisiana, filed this suit for $400.00 allegedly due him as commission.
Defendant in answer admitted that he had listed the property in question with plaintiff and that negotiations had been conducted by plaintiff with one Hanson A. Baden, but set forth that, upon Baden's failure to secure a combination FHA-GI loan, these negotiations had broken off and, subsequently, on May 7, 1948, defendant, owner, was approached by Baden and the sale was made to Baden on May 18, 1948, which was an entirely different transaction, and that therefore plaintiff is entitled to no commission.
The District Court gave judgment for plaintiff as prayed for, finding that it was through the efforts of plaintiff that the parties were brought together and that the contract between plaintiff and defendant was still in effect when the sale was consummated. Defendant has appealed from that judgment.
There is little dispute between the parties as to what actually took place. The defendant engaged plaintiff to assist him in finding a purchaser of his house, stating that he wished to receive $8000.00 net. Plaintiff accepted the employment and advertised defendant's property for sale in the March 3rd, March 12th and April 5th, 1948 issues of the "Alexandria Daily Town Talk."
Plaintiff carried Hanson A. Baden to see defendant's property; Baden was interested and on April 8, 1948, signed a contract to buy. This contract recited a consideration of $8400.00 ($8000.00 for the owner, $400.00 for the broker). Baden advanced the sum of $231.00, which was applied on a deposit of $250.00 which accompanied his application for a loan sufficient to pay the remainder of the purchase price.
The application for a loan was turned down. Plaintiff returned Baden's money, but he and his associate continued their efforts to sell defendant's property.
Early in May, Baden, who was still interested in purchasing the property, went to defendant and the two, without further consulting plaintiff, entered into an agreement whereby Baden purchased the property for a credit consideration of $8000.00. Arrangements were made through the joint efforts of defendant and Baden whereby this note was taken over by one R. J. Jones, in conjunction with the sale by Jones of other real estate to the defendant Bailey.
Counsel for defendant, while conceding the rule that a broker who is the procuring cause of a sale will be protected in his commission against any unfair attempt on the part of his principal to complete the sale by direct negotiations and thereby avoid paying the commission, contends that this case comes under the rule equally well recognized that where a broker has failed to effect a sale and negotiations have ceased or broken off, the owner may take up the negotiations and himself complete the sale without becoming liable for a broker's commission. *Page 476 
His brief contains the following quotations from the case of Bullis Thomas v. Calvert et al., 162 La. 378, 110 So. 621, 622:
"For this court has always consistently held that a broker who was the procuring cause of a sale would be protected as to his commission against any fraudulent or unfair attempt on the part of his principal to deprive him thereof. * * * In the case before us there is however no question of fraud on the part of defendants; * * *.
"On the other hand, this court has with equal consistency always held that, where a broker has failed to effect a sale,and negotiations have ceased or been broken off, the owner may take up the negotiations where they were left off and himself complete the sale, and the mere fact that the sale may in some degree have been aided by the previous efforts of the broker does not of itself entitle the latter to a commission; i. e.,unless it clearly appear that those efforts were in fact theprocuring cause of the sale. Lewis v. Manson, 132 La. 817, 61 So. 835, and authorities there cited; Freeman Freeman v. Torre Realty Improvement Co., 157 La. 1093, 103 So. 334." (Italics ours.)
The facts of the case before us are different from those of the quoted case. There the Supreme Court found as a fact that a Mr. Morgan, who made a direct purchase of the property from the defendants (being sued for a commission by plaintiffs with whom they had formerly listed the property), had been well acquainted with the lands long before the plaintiffs were employed to effect a sale thereof. In fact, Mr. Morgan had twice before sought to buy the lands and when, after plaintiffs' contract was at an end, Morgan was again sought as a possible purchaser, no use was made of information coming from plaintiffs, nor did the defendants profit in any way by the efforts of plaintiffs so far as their interesting of Morgan as a purchaser or the closing of the deal with Morgan was concerned.
In the case before us, the record shows that the plaintiff brought purchaser Baden and the defendant together and that it was through the efforts of plaintiff that Baden first became acquainted with the property. After plaintiff showed him the property, Baden's interest and willingness to purchase was evidenced by his signing of the April 8th contract to purchase. While negotiations were temporarily discontinued when Baden's application for a loan was not accepted, Baden remained interested in the property, and, although the actual credit arrangements were made directly by Baden and the defendant, the prior efforts of plaintiff Lawrence remained as "the procuring cause of the sale."
The sale finally consummated on May 18th was identical as to parties and property with the "contract to buy and sell" on the form provided by plaintiff, the only difference being that the May 18th price did not include the $400.00 real estate commission included in the April 8th contract.
As stated in the case of Howell v. Thompson, La. App.,38 So.2d 167, the fact that defendant reduced the price in order to effect the sale does not release him from his liability to pay plaintiff his commission. Grace Realty Co. v. Peytavin Planting Co., Inc., et al., 156 La. 93, 100 So. 62, 43 A.L.R. 1096.
Having found from the record that plaintiff produced in the person of Baden a party who was interested in the purchase of defendant's property and that the subsequent sale was the result of his efforts, we conclude that plaintiff is entitled to his commission under the authority of White v. Havard et ux., La. App., 25 So.2d 108.
As was true in the White case, supra, the trial judge found — and we agree with that finding — that there was no plan or effort on the part of Bailey and Baden to defraud the plaintiff out of his fee. They simply were dealing under a misapprehension of the rights which accrued to plaintiff under the law as a result of the contract of listing and of his bringing the prospective purchaser and owner together.
Defendant's counsel, in brief, quotes the following from the case of Lewis v. Manson, 132 La. 817, 61 So. 835:
"If a broker attempts unsuccessfully to effect a sale of land, and his proposed purchaser abandons the idea of buying,
but he is afterwards induced to do so by the principal or by another person, without being *Page 477 
in any way influenced by the broker, the latter is not entitled to any commission." (Underscoring ours.)
We accept the above as a correct statement of the law, but inapplicable to the case before us as the record shows that Baden did not "abandon the idea of buying" defendant's property. On the contrary the record shows that after he became interested in defendant's property — through the efforts of plaintiff — he remained interested and persisted in his efforts to make whatever financial arrangements might be necessary to enable him to purchase.
The judgment is affirmed, with costs.
TALIAFERRO and HARDY, JJ., sitting.