YARRUT, Judge.
Plaintiff-Appellant appeals from a judgment of the District Court dismissing his suit against all Defendants. By stipulation, it was agreed that L. & L. Oil Company should be the sole Defendant.
Plaintiff seeks to recover from Defendant $750.00, plus interest, as 2j4'% commission he finally earned as a ship broker employed by Defendant in February 1959, to find a purchaser for its oil barge for $35,-000.00, for which he was to receive an agreed 5% commission; in pursuance of which he claims he offered the barge to Bol-linger & Boyd Barge Service, Inc., hereinafter designated as Bollinger. After considerable negotiations with Bollinger and Defendant, in April or May, 1959, Bollin-ger agreed to purchase the barge for $35,-000.00. Bollinger, at the same time, agreed to sell Defendant a tugboat for $35,000.00. The barge needed $5000.00 repairs and to equalize the exchange, Defendant made a cash payment of $5000.00 to Bollinger; that, as Bollinger had previously employed Plaintiff to sell its tugboat, and the transaction resulted in a trade, Plaintiff agreed with Bollinger that, instead of exacting 5% commission from each (Defendant and Bol-linger) he would charge each only 2^/2%', that Bollinger paid its 2\^% but Defendant refused.
Both parties concede Plaintiff’s employment was verbal and without time limit; was not exclusive, Defendant reserving the right to sell without liability for the commission.
The sole issue is whether Plaintiff was the procuring cause in bringing about the sale or exchange of Defendant’s barge to Bollinger. If so, Plaintiff is entitled to the commission claimed.
In rendering judgment for Defendants, the District Court, in written reasons, inter alia, stated:
“There are sharp conflicts in the testimony on certain facts in the case, but on the material questions the parties are not wholly in disagreement.
‡ H* ‡ ‡ ‡ ‡
“McLeod also represented Bollinger & Boyd, a Lockport firm, and had listed for sale certain equipment owned by said firm, including the tug Bill Miller. Again there is conflict in the testimony, but either before February 21, 1959, or between that date and March 1959, defendant corporation lost a tug by fire and was interested in purchasing another tug.
“Plaintiff contends that he offered the barge for sale to Bollinger by long distance telephone and by sending Bol-linger certain material including pictures of the barge. That, thereafter, Adams and Bollinger consummated a transaction whereby defendant purchased the tug Bill Miller for $35,000.-00 and sold the barge for $30,000.00. The transaction amounted to an exchange with $5,000.00 paid by defendant.
* * * *
“Adams denies that he ever knew the barge had been offered to Bollinger. Bollinger testified that he did not inform Adams that plaintiff had previously advised him the barge was for sale. Under these circumstances, the sole question presented is did the services of the plaintiff result in the sale of the barge. The Court is of the opinion that they did not.
* * * * * *
“Although there was some testimony to the effect that McLeod did assist in transferring title to the barge and to the tug, there is no doubt that he did represent Bollinger and such services could have been performed as much for Bollinger’s account as for the defendant’s. Having taken no active part in the transaction, and having contributed nothing toward the same except to notify Bollinger that the barge was for sale, the Court finds that plaintiff has *243 not rendered services sufficient to warrant the payment of a commission hy defendant.”
The extent of Plaintiff’s effort to sell the barge was his mailing of photographs to Bollinger, a fact he never communicated to Defendant, nor was Defendant aware of it until Defendant’s President contacted Bollinger regarding the tugboat which Bol-linger had for sale; resulting in the exchange described above.
Plaintiff testified he made the original contact with Bollinger for the inspection of the barge. This Mr. Bollinger contradicted as follows:
“Q. Would you please state to the Court, who, if anyone, contacted you in relation to this barge being towed to your shipyard for the purpose of your inspection for the purchase of it?
“A. If I recall correctly, I talked to a Mr. Levy.
“Q. Well, who contacted you first? Mr. Levy or Mr. McLeod?
“A. Well, I said Mr. McLeod did, but not about making the preparation for bringing the barge to Lockport. Mr. Levy authorized me to pick the barge up and tow it to Lockport so it could be inspected.”
Plaintiff contends Mr. Bollinger was the only disinterested witness. The fact Mr. Bollinger and Plaintiff were business associates and were close friends for many years, would not necessarily make him an interested witness. However, if Plaintiff could prove he was responsible for bringing Bollinger and Defendant together for a sale or exchange, Plaintiff would be entitled to the full commission of 5% on both the tugboat and the barge, or $3250.00. Mr. Bollinger, therefore, was interested in saving for his Company half of the $1750.00 commission on its tugboat, when Mr. Bol-linger and Plaintiff, without the knowledge or approval of Defendant, agreed that Bol-linger should pay only 2Yz% and Defendant pay the other 2i^%.
Where a broker does not have an exclusive contract, he must prove he was the procuring cause in bringing the parties together on common terms, to be entitled to the agreed commissions. Latter & Blum v. Metropolitan Life Ins. Co., 208 La. 490, 23 So.2d 193; Hauch v. Bonnabel, 134 La. 847, 64 So. 795; Lawrence v. Bailey, La.App., 41 So.2d 474; Doll v. Thornhill, La.App., 6 So.2d 793; Gamblin v. Young, La.App., 187 So. 854.
 Plaintiff has not sustained the burden of proof.
For the reasons assigned, the judgment of the District Court is affirmed; Plaintiff to pay all costs in both Courts.
Affirmed.