## COLLINS vs. BATTERSON.

APPEAL FROM THE COURT OF THE EIGHTH DISTRICT, THE JUDGE OF THE SECOND PRESIDING.

Minors *et al.* claiming redress against their tutors *et al.* are bound to pursue them in the alternative, demanding an account or payment of such sums as they may suppose to be due. In such a case the remedy by ordinary attachment is not legal, and when a tutor or curator, absent from the state, is sought to be made liable for his administration of an estate, the pursuit can be rendered legal in no other way than by the interposition of a curator *ad hoc.*

A third party may avail himself of the nullity of a judgment when it forms the only legal basis of the action against him.

The plaintiff, a minor above the age of puberty, commenced suit by attachment in the Court of Probates against his tutor (an absentee) and obtained a judgment for two thousand seven hundred and eleven dollars; to enforce which the present action was brought against the third possessor of a lot of ground upon which the plaintiff alleged, he had a general and tacit mortgage, resulting from the maladministration of his tutor. To support his action the plaintiff offered in evidence the record of the judgment obtained against his tutor in the Court of Probates, which was rejected by the Court, and the plaintiff took a bill of exceptions. There was a verdict and judgment for the defendant, and the plaintiff appealed.

EASTERN DIST.
January, 1832.

COLLINS
vs.
BATTERSON.

*Hennen,* for appellant.    *Preston,* for appellee.

*Mathews, J.* delivered the opinion of the court.

This suit is brought against a third possessor of a house and lot, in the town of Covington, to compel him either to relinquish the property or pay a debt to the plaintiff, for which he alleges it to be legally mortgaged. Previous to the institution of the present action the plaintiff had obtained a judgment against his tutor for the amount now claimed in an attachment suit, the latter having left the state without intention of returning. That suit was prosecuted in the Probate Court of St. Tammany. The present case was tried by a jury, who found a verdict for the defendant, and judgment being thereon rendered, the plaintiff appealed. Several bills of exception were taken by his counsel, in relation to the rejection of evidence offered in the course of the trial of the cause in the court below ; but according to the opinion which we have formed on the first of these exceptions, there is no necessity to examine any of the others or to investigate the merits of the case.

The first piece of evidence offered on the part of the plaintiff (and which is in truth the principal part of his claim against the defendant) was the record of the suit and judgment obtained against his tutor in the manner above stated.

EASTERN DIST.
January, 1832.

COLLINS
vs.
BATTERSON.

This was rejected by the court below, and a bill of exceptions taken to the decision thus rejecting it. We think the judge *a quo* did not err in refusing to allow that evidence to go to the jury. The proceedings in that case were those alone which are resorted to, and are authorised by law, in ordinary cases of attachment, wherein the property of an absent debtor may be seized in the first instance, on the oath of the creditor establishing the amount of his demand. It would seem, however, that since the adoption of the new codes, absentees may be pursued in our courts of justice in two different modes, according to the difference of circumstances of cases. In the title of the *Louisiana Code* which treats of absentees, it is stated that "if a suit be instituted against an absentee who has no known agent in the state, or for the administration of whose property no curator has been appointed, the judge before whom the suit is pending, shall appoint a curator *ad hoc* to defend the absentee in the suit.

In conformity with this provision of the *Civil Code* is the *article* 116 *of the Code of Practice,* wherein it is declared that "if the minor, whether under or above the age of puberty, against whom one intends to bring a suit, has no tutor or curator *ad lites,* the plaintiff must demand that a curator *ad hoc* be named to defend the absentee in the suit. The same course must be pursued, if the person intended to be sued, be absent and not represented in the state."

These rules, perhaps, do not apply to ordinary cases wherein the remedy by attachment is authorised against persons residing permanently out of the limits of the state, although the expressions contained in them are very broad and comprehensive. And if to them be coupled the definition of the word "absentee" as given in the code; a doubt might be raised whether a curator *ad hoc* should not be appointed in all cases of pursuits against absent persons. The practice, however, has been different in ordinary cases of debt under the attachment law, and may be considered as correct. But the mode of redress by which minors, interdicted persons, &c. are to be restored to their rights against tutors and curators is particularly pointed out in the 998*th article of the Code of*

EASTERN DIST.
.January, 1832.

COLLINS
vs.
BATTERSON.

*Practice*, which gives to the former a particular kind of action to be prosecuted in the alternative, to compel the administrators of their estates to render an account or pay such sum as may be supposed to be due. And the *article* 1012 prescribes the sanctions by which tutors and curators may be compelled to render the accounts required of them.

Now as persons claiming redress against such officers are bound to pursue them in the alternative, demanding an account or payment of such sum as they may suppose to be due, it seems to us that the remedy by ordinary attachment is not legal in such a case; and that when a tutor or curator absent from the state, is sought to be made liable for his administration of an estate, the pursuit can be rendered legal in no other way than by the interposition of a curator *ad hoc*.

If this view of the subject be correct, then it follows as a necessary consequence that the absentee, against whom the original suit was prosecuted, was not legally represented in the Court of Probates; that there were not proper parties to that suit, being no defendant, and consequently that the judgment is null, and we are of opinion that the defendant in the present case had a right to avail himself of the nullity of that judgment, as it was the only legal basis of action against the property in his possession, required to be subjected to its payment.

The judgment rendered in the court below is absolute and final against the plaintiff, and may cause an irreparable injury to him contrary to the real justice of the case, which ought to be avoided; more especially considered as a person legally incapable of conducting his own affairs, being under the age of majority.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed and annulled: And proceeding here to give such judgment as ought in our opinion to have been pronounced in the court below, it is further ordered, adjudged and decreed, that judgment be here rendered in favor of the defendant and appellee, as in case of non-suit, with costs in the court below; those of the appeal to be borne by him.

*Margin note:* Minors *et al.* claiming redress against their tutors *et al.* are bound to pursue them in the alternative demanding an account or payment of such sums as they may suppose to be due. In such a case the remedy by ordinary attachment is not legal, and when a tutor or curator, absent from the state, is sought to be made liable for his administration of an estate, the pursuit can be rendered legal in no other way than by the interposition of a curator *ad hoc*. A third party may avail himself of the nullity of a judgment when it forms the only legal basis of the action against him.