<hr />

## CHARLES LEVISTONES *v.* PIERRE LANDREAUX.

Where a party employs a broker to effect a sale of a plantation and slaves, and the broker finds certain purchasers who enter into a written promise to take the property upon the terms required, the broker is entitled to his commissions, although the party afterwards releases the buyers from the contract and re-sells upon different terms to one of them.

APPEAL from the Fifth District Court of New Orleans. *Buchanan, J. T. W. Collins,* for plaintiff. *G. LeGardeur,* for defendant. The judgment of the court was pronounced by

ROST, J. On the authority of the cases of *Jenkins* v. *Trott,* 3d Ann. 671, and *Gottschalk* v. *Jennings et als.* 1st Ann. 5, the judgment rendered in favor of the plaintiff in this case must be affirmed.

We take the facts to be, that the defendant had given the plaintiff and his partner, who are real estate brokers in this city, memoranda of two sugar plantations and of the slaves attached thereto, which he wished to sell. The late *Judge Lacey* became apprized of that fact, and took to their office *Messrs. Loughborough* and *Ingram,* whom he wished to join in the purchase of a sugar plantation. The brokers showed them the terms on which the defendant offered to sell the Espérance Plantation, and, shortly after, these three gentlemen called upon *Mr. Landreaux,* in company with the brokers, and made an appoint- with him to examine the place. After their return a long negotiation was had, which was conducted in part by the brokers, and the result of which was, that the defendant entered into a written *promisse de vente* with *Loughborough* and *Ingram,* on the terms which he had authorized the brokers to take.

The promise to sell was as binding on all parties as the sale itself would have been, and, so far as the brokers were concerned, the transaction was closed, and they had a vested right to their commissions.

The defendant subsequently chose to let off one of the purchasers from the original agreement contract, and to sell to the other on terms somewhat different from those of the original agreement. He was at perfect liberty to modify or annul that agreement, provided the other parties to it assented to the change. But it is hardly necessary to say, that he cannot avail himself of his own voluntary act to defeat the plaintiff's claim.

It is unnecessary to notice the bill of exceptions, as the case is fully made out without the testimony of *Edward Gottschalk.* The plaintiff shows a transfer to him of the share of his partner, and is entitled to recover the whole amount.

The judgment is affirmed, with costs.