LECHE, J.
The demand of plaintiff in this case is for judgment in the sum of $45,-000 against D. C. Richardson, the Richardson Oil Company, Inc., and’ G. G. Gillett in solido. She alleges in substance that she procured the sale of the “property and holdings of the Richardson Oil Company, Inc., in what is known as the Pine Island field in Caddo parish” from D. C. Richardson and the Richardson Oil Company, Inc., to G. G. Gillett for a consideration of $900,-000, upon which amount she is entitled to a commission of 5 per cent. She seeks to hold Gillett responsible under the allegation that having learned that he wanted to buy some “holdings in the Pine Island field, she told him she could locate such holdings and a seller, and that she expected the usual commission of 5 per cent, of the purchase price paid therefor and which he assured her would be paid to her.” She further avers, in order to sustain her demand against Richardson and the Richardson Oil Company, she then called upon D. O. Richardson, who was acting for himself and the Richardson Oil Company, “with reference to a sale of such holdings to said G. G. Gillett, and that she then and there mentioned to said Richardson that she expected the usual commission allowed in such matters, to wit, 5 per cent, of the purchase price, and that the said Richardson then and there informed her that her commission should be protected and paid.” She further charges that she brought the parties together and that while the papers evidencing the deal had not yet, when the suit was instituted in May, 1919, been filed and recorded, the matter ha'd been closed.
Defendants filed separate answers in which they deny the pretensions of plaintiff.
During the trial of the case plaintiff abandoned her demand against Gillett, and her claim against Richardson and the Richardson Oil Company having been rejected by the district court, she obtained and perfected the present appeal. It thus appears that the parties disagree upon the facts which con *1002 stitute the main controversy between them. The gist of the pertinent testimony is as follows:
Plaintiff testifies in her direct examination that she first interviewed Richardson before bringing Gillett to him, and asked him for an option on the oil, property, and that he answered "that he would not give an option to any one; that she then told him, if he would be' kind enough to protect her in a commission of 5 per cent., she would be glad to bring a prospective purchaser to him and they could do their own negotiating. She testifies further that. Richardson told her that he did not want to pay but one commission, and that he agreed to protect her in a 5 per cent, commission. Subsequently in her cross-examination, she testifies that Richardson agreed to pay her a 5 per cent, commission.
It is likely that the witness construed a promise to protect as equivalent to a proinise to pay; but, even if brokers’ parlance sustains her in that position, we have been unable to find in her testimony, which is quite lengthy, any positive and direct statement either that Richardson had employed her or had in express terms agreed to pay her the commission which she claims in this suit.
On the other hand, Richardson denies categorically ever having made any promise to protect plaintiff in the collectidn of her commission and states positively that he never agreed to pay plaintiff any commission.
Gillett in his testimony does not remember, but does not think that he heard Richardson make any promise to pay a commission to plaintiff:
It appears that the interview which was brought about by plaintiff, between Gillett and Richardson, failed to bring the parties together, and, in the language of Gillett, the trade was dropped because he could not raise the amount in cash required by Richardson as a first payment.
It is true that an agreement was subsequently entered between Richardson as president of the Richardson Oil Company and also as president of the Alamo Oil Company, on the one part, and Win, Sacks and G. G. Gillett, on the other part; but all the negotiations culminating in this contract were carried on through another and a different broker.
In our opinion plaintiff has failed to prove her demand. She has failed to prove that she was employed by Richardson to negotiate a sale, or that Richardson ever promised to pay her a broker’s commission, or that by her actions she was the procuring cause of the contract which was entered into by the Richardson Oil Company with Sack and Gillett.
The fact that plaintiff sued both the purchaser and the vendor in solido for a commission is a strong indication that she had little confidence in the merit of her claim against either one of them.
The judgment of the district court properly rejected her demand, and it is affirmed.