No. 8723.
Orleans Appeal.

STANLEY A. HARVEY, Appellant, v. A. J. WINTERS.

(January 5, 1925, Opinion and Decree.)
(March 2, 1925, Rehearing Refused.)
(April 28, 1925, Decree Supreme Court Writ of Certiorari and Review Refused.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Brokers, Par. 15.**

An owner accepting the services of a real estate agent to sell his property is conclusively presumed to have bound himself to pay the agent the usual commission for effecting a sale.

2. **Louisiana Digest, Brokers, Par. 17.**

In order to earn his commission a real estate agent, as a rule, must procure a purchaser within the time fixed in his contract. But if the owner continues the negotiations with the prospective buyer uninterruptedly after the expiration of the time fixed, and, within a few days thereafter, sells the property to the purchaser procured by the agent, he will owe the agent his commission.

3. **Louisiana Digest, Brokers, Par. 17.**

Where the owner, under like circumstances, consummates a sale with a purchaser procured by the broker, he is liable for his commission, although the owner sold for a price smaller than the one originally fixed in his contract with the broker.

Appeal from Civil District Court, Hon. Hugh C. Cage, Judge.

Plaintiff claims a broker's commission. Judgment for defendant. Plaintiff appealed.

Judgment reversed.

Woodville & Woodville, attorneys for plaintiff and appellant.

J. C. Henriques, attorney for defendant and appellee.

CLAIBORNE, J.  Plaintiff claims a broker's commission.

He avers that he is a real estate agent; that the defendant was the owner of a lot at the corner of Napoleon Avenue and Liberty Street; that on August 30, 1919, defendant authorized him to find a purchaser for said lot; that he secured from one Silverstein an offer of $5,000; that defendant declined the same but signed a counter offer to sell for $5,750; that Silverstein signed another offer to purchase for $5,250; that the defendant herein and the said Silverstein got together on September 6, 1919, and the above property was, in due course, sold by the defendant to Silverstein for $5,600 on September 30, 1919; plaintiff further alleged that the defendant and Silverstein were unknown to each other and that it was through plaintiff's efforts that the sale was effected; that the customary commission of real estate agents for selling property is three per cent. of the purchase price.  He prays for judgment for $168.00.

The defendant admitted that plaintiff was a real estate agent and that he, the defendant, was owner of the lot mentioned in plaintiff's petition; he also admitted that he had sold the property; but denied all the other allegations of the petition.  He defended further on three grounds:

1st.  That he did not employ the plaintiff; that the plaintiff came to him and asked him if he would not sell;

2nd.  That he gave plaintiff an authorization to sell to expire on September 2nd; and

3rd.  For the limited price of $5,750, and that plaintiff did not secure a purchaser within that time, nor for that price.

There was judgment for defendant and plaintiff has appealed.

The defendant admits that he is bound only by the following document marked B.

"S. A. Harvey,
Real Estate and Insurance.
I, the undersigned, hereby offer Fifty-seven Hundred and Fifty Dollars for the corner lot and improvements, property situated corner Napoleon and Liberty and etc.  It is understood and agreed that this offer will irrevocably hold until Sept. 2, 1919, at 6 p. m. and etc.

New Orleans, August 30, 1919, I am the owner of the above property and agree to sell same as above offer.  I agree to pay $150 commission as above, and as per my contract.

(Signed)  A. J. Winter."

The facts are that the plaintiff became aware that the defendant desired to sell his lot and that one Silverstein wanted to buy a lot on Napoleon Avenue; on August 30, 1919, at 9:30 a. m. plaintiff telephoned to the defendant to inquire if he wanted to sell his lot; defendant answered that he would sell for $5,800; between 10 and 11 a. m. of the same day plaintiff called on Silverstein and got him to make a written offer of $5,000; plaintiff submitted the offer to the defendant who declined it; the defendant then signed the document B copied above dated August 30th agreeing to sell for $5,750; Silverstein, through the plaintiff, then made another offer in writing on September 1st for $5,250, which defendant declined to accept.

On September 2, 1919, the plaintiff wrote to the defendant the following letter:

"Mr. A. J. Winters.
Dear Sir:
I have introduced your property corner of Napoleon Avenue and Liberty * * * to Mrs. Sam Silverstein, and should they come to see you about it to purchase it from you, I will be entitled to a 3% commission, on the amount of sale, as I am the procuring cause in selling the property.  Therefore, please protect me on the commission.  I beg to remain,
Yours very truly,
(Signed)  S. A. Harvey."

On September 4, 1919, defendant answered this letter as follows:

"S. A. Harvey.
Dear Sir:
Your letter to hand and so far as my agreement with you signed option until September 2, 1919, is considered now closed. Please accept this as final.
Respectfully,
(Signed) A. J. Winter."

On the same day, September 4, 1919, the defendant telephoned to Silverstein and asked him if he was still in the market for lots on Napoleon Avenue, and receiving an affirmative answer, defendant told him that his lot was still for sale and to come over and see him. A couple of days after, the defendant rang him up again and told him that the price was $5,600; the defendant agreed with the same Silverstein to sell him the lot for the price of $5,600; and the act of sale was actually passed and the price paid on September 29, 1919.

Defendant admitted that he did not know Silverstein as a purchaser before plaintiff introduced him to him. He knew plaintiff was a real estate broker, and he promised him a commission if he sold the property within three days.

1st. We have decided that when one receives the services of another in the line of his business, he is presumed to bind himself to pay the usual compensation for such services. No. 8528 Ct. App. It is then immaterial whether the defendant sought the services of plaintiff, or whether the plaintiff solicited the employment. But in this case every doubt on the question is removed by the admission of defendant that he would pay plaintiff a commission if he sold his lot for $5,800 within three days.

2nd. It is true that in order to earn his commission the broker must procure a purchaser within the time specified in his contract. But this rule has this modification:

"If the negotiations between the principal and the customer continue uninter-ruptedly after the expiration of the time allowed the broker, and a sale is made of which the broker is accordingly the procuring cause, he is entitled to a commission, although the sale is not consummated until after the expiration of the time limited." 9 C. J. I. 92, pp. 608-619; 19 Cyc., pp. 254-602.

In the case of Gottschalk vs. Jennings, 1 La. Ann. 5, the defendant employed the plaintiff to sell a property; he submitted it for $50,000 to Mercer, who offered $40,000, which the defendant refused, demanding $45,000; subsequently the defendant withdrew the sale from the plaintiff and put it in the hands of Hewes, another broker, who sold it to Mercer for $40,000. Held, that plaintiff "was an efficient instrument in bringing about the sale and was therefore entitled to a commission." The court said:

"After he (the plaintiff) had thus rendered services which eventually enured to the advantage of the defendants they could not deprive him of all compensation by withdrawing the plan from his hands, discharging him, and consummating the negotiation through other agents."

In Jenkins vs. Trott, 3 La. Ann. 671, the court adopted the language of an English case in which it was held:

"That to enable a broker to recover a commission on the sale of a ship, the mere fact of his having introduced the purchaser to the seller will not be sufficient, but if it appears that such introduction was the foundation on which the negotiations proceeded, the parties cannot afterwards, by agreement between themselves, withdraw the matter from the broker's hands and deprive him of his commission. That the broker will be entitled to his commission, if he was up to a certain time the agent or middleman between the parties, although the contract be afterwards completed without his instrumentality or interference." The court held that to hold that the defendant could under those circumstances defeat plaintiff's claim for a commission "would enable him to commit a fraud upon the plaintiffs." Barker vs. Jung, 13 Orleans Appeal 280.

In the case of Levistones vs. Landreaux, 6 La. Ann. 26, on the authority of Gottschalk vs. Jennings, 1 La. Ann. 5 and Jenkins vs. Trott, 3 La. Ann. 671, the judgment of the lower court was affirmed. 19 Cyc. p. 249, note 9 C. J. 617-603, 4 R. C. L. p. 319, S. 57; 2 Mechem on Agency, p. 2027, S. 2439: "It is also indispensable that the purchaser should be found within the time limited * * * unless the principal waives it." Note 74: "If the principal, without objection, then deals with the purchaser so found, he ordinarily waives the delay." Authorities.

In the case under consideration the plaintiff found the purchaser and brought him to the defendant within the time, although the sale was made only after the time.

3rd. The rule as to the price and other terms is the same as that as to time. In 19 Cyc. p. 249 it is thus stated: -

"If a broker has brought the parties together and as a result they conclude a contract he is not deprived of his right to a commission by the fact that the contract so concluded differs in terms from the one which he was authorized to negotiate. Where, for example, the principal consummates a sale to a purchaser found by the broker, he is liable for the commission, although the sale is made at a smaller price than that originally proposed by him to the broker." Also 9 C. J. 600, S. 89; 4 R. C. L., p. 322, S. 59:

"The general proposition is well established that if property is placed in the hands of a broker for sale at a certain price or upon certain terms, and a sale is brought about through the broker as a procuring cause, he is entitled to a commission on the sale even though the final negotiations are conducted through the owner, who, in order to make a sale, accepts a price less than that stipulated to the broker or terms more liberal than those the latter was authorized to accept. If this were not so it would be very easy for an unscrupulous person and etc." 1 R. C. L. Supp., p. 1119, S. 59; p. 1121, S. 67; 2 Mechem Agency, p. 2022, S. 2437.

Sale by owner to broker's customer entitles broker to commission. 1 R. C. L. Supp., p. 1118, S. 58.

In 4 R. C. L., p. 313, S. 52, the case is put of a broker who procures a purchaser on terms different from those fixed in his authority. The owner is at liberty to refuse the purchaser on the altered terms. But "if he accepts, he is legally obligated to compensate the broker for the services rendered." Id. p. 304, S. 46; 1 R. C. L. Supp., p. 1116, S. 52; 2 Mechem Agency, p. 2021, Notes.

The opinion of this court in McWilliams vs. Soule, No. 8455, is exactly in keeping with these views.

In that case we said:

"A broker who has failed to effect a sale within the time and upon the terms fixed, is not entitled to a commission upon the sale made afterwards by the owner to the purchaser originally procured by the broker, when the purchaser had abandoned all idea of purchasing from the broker and the sale was the result of new negotiations between the owner and the purchaser or persons representing them."

The opinion in that case is in line with the decision in Lewis vs. Manson, 132 La. 817, 61 South. 835.

In 12 Ct. App. 369 and 10 Ct. App. 62 no sale was actually made.

We are aware that there are decisions not in harmony with those quoted by us. But we prefer to adopt the views herein expressed by us as better law and justice.

We conclude, therefore, that the plaintiff was employed by the defendant to sell his lot, that he procured Silverstein as a purchaser, and that, although the plaintiff did not procure Silverstein's agreement to buy within the time nor for the price specified in defendant's offer, yet defendant continued plaintiff's negotiations with the purchaser procured by him and within a few days sold to his purchaser, and for that reason is liable for the commission

promised by defendant of $150. Huger vs. Ransom, 134 La. 696, 64 South. 682.

It is therefore ordered that the judgment appealed from be reversed and set aside, and it is now ordered that there be judgment condemning the defendant, A. J. Winter, to pay to the plaintiff, Stanley A. Harvey, the sum of One Hundred and Fifty Dollars with five per cent per annum interest from November 18, 1919, till paid, and all costs of suit.