HARVEY, Appellant, v. ARONSON

---

(March 29, 1926. Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. Louisiana Digest—Brokers—Par. 15. Where a broker has failed to effect a sale of real estate within the time and upon the terms fixed by the owner, the latter is not responsible for commissions.

Appeal from Section "B", First City Court, City of New Orleans, Hon. Val J. Stentz, Judge.

Action by Stanley A. Harvey against Laz Aronson for a broker's commission.

There was judgment for defendant, and plaintiff appealed.

Judgment affirmed.

J. Warren Woodville, of New Orleans, attorney for plaintiff, appellant.

A. D. Danziger, of New Orleans, attorney for defendant, appellee.

BELL, J. Plaintiff claims a real estate broker's commission for having first procured a purchaser of defendant's property who ultimately bought, not through plaintiff, but through another agent with whom the owner had also listed his property. It does not appear from the record that the owner, made defendant herein, had any exclusive contract with either agent. There was judgment for defendant, and plaintiff has appealed.

The allegations of the petition are to the effect that the property involved was listed with plaintiff by a previous owner; that plaintiff secured a prospective purchaser who offered to buy at $3,400.00; that upon submitting this offer plaintiff learned from his client that he was no longer the owner, and that the property had been sold to the present defendant; that plaintiff thereupon submitted to and discussed the said offer with defendant as the new owner of the property, and that defendant refused the price offered, to-wit, $3,400.00, but authorized plaintiff, in writing, on April 30, 1925, to sell the property for $3,850.00, the said authority to hold good

until May 2, 1925, at 6:00 p. m.; that plaintiff submitted the property at the higher price to several parties, and to the party who had first offered to purchase at $3,400.00; that defendant, making use of the knowledge gained from plaintiff concerning the identity of the party offering the lower price, subsequently sold to this party at the price of $3,750.00, thereby wilfully depriving plaintiff of his commission, which is now due him.

Defendant answers by denying that plaintiff ever disclosed to him the name of any prospective purchaser or the name of the person who had offered to purchase at $3,400.00, and that when he ultimately sold the property it was sold through another agent, subsequent to the expiration of plaintiff's contract, and to one with whom he did not show that plaintiff had ever negotiated, concerning the property. He admits employing plaintiff under a written contract, the material provisions of which read as follows:

"New Orleans, La.,
"April 30, 1925.
"I am the owner of the above property and agree to sell same as above offer. I agree to pay four per cent (4%) commission as above, as per my contract. Should I fail to pay same and the services of an attorney are required, I bind myself to pay his fees, which are fixed at 25%. This offer irrevocably holds good until May 2, 1925, at 6 p. m.
"(Signed.)        LAZ. ARONSON."

The evidence is convincing that the ultimate purchaser of defendant's property was the same person on whose behalf plaintiff submitted to defendant the $3,400.00 offered. But we are satisfied from plaintiff's own admission and from defendant's testimony that the identity of this person was never disclosed to defendant. As neither broker acting for defendant had the exclusive agency for the sale of the property, the commission was properly and justly paid to him who consummated the sale. Plaintiff has failed to produce any evidence to prove that defendant's offer to sell at $3,850 was accepted by anyone to whom he submitted the offer or that any counter offer to purchase at the ultimate price of $3,750.00 was ever submitted by plaintiff to defendant, within the life of the contract above quoted. The burden of proof in this respect was entirely upon the plaintiff. The trial judge who heard and saw the witnesses has decided this case, involving only issues of fact, against the plaintiff. We find nothing in the record to justify a reversal of the judgment.

We are urged, on behalf of the plaintiff, to follow the ruling made in Harvey vs. Winters, 1 La. App. 383. In the cited case, the identity of the ultimate purchaser had been clearly disclosed by the broker to the owner of the property, who subsequently dealt directly with the purchaser to the broker's prejudice. No such facts have been established in the instant case.

We find no error in the judgment of the trial court. It is therefore affirmed.