(112 So. 732)

No. 25958.

## NEWMAN v. AMERICAN LIBERTY BANK & TRUST CO.

March 28, 1927.

Rehearing Denied April 25, 1927.

*(Syllabus by Editorial Staff.)*

Brokers ⬤═53—Services of broker seeking compensation held not efficient or proximate cause of merger of banks.

Broker who brought together representatives of banks in negotiations for merger *held* not the efficient or procuring cause of final merger, and so not entitled to compensation for services; one of the banks having finally and decisively rejected the proposition, and there having been no renewal of negotiations with the broker by such bank, but its president, on its subsequently being threatened with disaster through failure of individuals, having appealed to the president of the clearing house for advice and assistance and having, on his suggestion as the only practical solution of the situation entered into agreement with the president of the other bank resulting in merger.

O'Niell, C. J., dissenting.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Action by Harold W. Newman against the American Liberty Bank & Trust Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Dufour, Goldberg & Krammer, of New Orleans, for appellant.

Milling, Godchaux, Saal & Milling, Lazarus, Weil & Lazarus, all of New Orleans (Walter L. Gleason and Charles I. Denechaud, both of New Orleans, of counsel), for appellee.

LAND, J.  Plaintiff sues defendant bank to recover upon a quantum meruit the sum of $22,200 for services alleged to have been rendered by him in securing the consolidation or merger of the Liberty Bank & Trust Company with the American Bank & Trust Company, under the name of the American Liberty Bank & Trust Company. These banks are financial institutions located in the city of New Orleans.

Plaintiff is a broker and negotiator in financial affairs and transactions, and has successfully effected the consolidation of several local banks. However, plaintiff does not pretend that he is the inventor of the merger idea; nor can he successfully claim, in this case, that he was the originator of this idea in connection with the consolidation of the two banks in question.

It is conceded that plaintiff was instrumental in bringing together the representatives of the two banks in the early part of March, 1922, and that on March 13, 1922, a memorandum of agreement was adopted by the conference as the basis of the proposed consolidation, subject to approval by the board of directors of the respective banks. This memorandum, while embodying the plan, terms, and conditions, for the final consolidation of the two institutions, was purely tentative and conditional.

Although on March 16, 1922, the board of directors of the American Bank & Trust Company, the smaller bank, passed a resolution in ratification of the proposed consolidation, the board of directors of the Liberty Bank & Trust Company, at the same hour and on the same day, rejected the proposition by an overwhelming vote of 11 to 4, only two of the 4 directors voting in the affirmative being actually in favor of the merger, as they had opposed its acceptance in the meeting, and voted for it finally only because they felt in honor bound to do so, under the circumstances of the case.

The evidence before us is clear and convincing that the action of the Liberty Bank & Trust Company in disapproving the proposed merger was final and decisive, and plaintiff was so advised.

While it is true that some effort was made upon the part of the American Bank & Trust

Company to have the action of the Liberty Bank & Trust Company reconsidered and rescinded, and plaintiff was appealed to for this purpose by the president of the former bank, who was very anxious for the consolidation, yet the ultimate fact is that no service rendered by plaintiff was the proximate or procuring cause for the actual merger of these two banks, which did take place on March 27, 1922, under the name of the American Liberty Bank & Trust Company, the defendant in the present suit.

The Liberty Bank & Trust Company was the larger and more prosperous of these two banks at the date of its rejection of the proposed consolidation on March 16, 1922. Its representatives saw no distinct advantage, at that time, in merging with the smaller bank.

But the tables had turned suddenly and disastrously within a week. Between March 16 and March 23, 1922, the failure of Shepard & Gluck, the latter a vice president of the Liberty Bank & Trust Company, had brought this institution to the very brink of a crisis, and the evidence clearly shows that this new and unexpected circumstance alone forced the bank to speedy action to save itself, and that a consolidation of the two banks had to be accepted by the Liberty Bank & Trust Company as the only feasible and immediate source of relief.

That plaintiff visualized this failure, and had used this knowledge as an incentive for the consolidation of the two institutions, is not borne out by the evidence in the case. As a matter of fact, the Liberty Bank & Trust Company was in good condition on March 16, 1922, and no intimation was made by plaintiff to the representatives of the two banks to the contrary, during the pendency of the negotiations looking to the merger of the two institutions.

Not only was the final consolidation in the case precipitated by an entirely new and unforeseen event, but the actors on the scene are entirely different.

There was no renewal of negotiations with plaintiff by the Liberty Bank & Trust Company, which had spoken the final word on March 16, 1922, terminating the merger then proposed.

The president of the Liberty Bank & Trust Company was the actor who initiated the first step leading to the final consolidation, by making a direct appeal to Mr. Butler, the president of the clearing house, for advice and assistance in the face of the crisis then impending. It was through the instrumentality and suggestion of Mr. Butler, as the only practical solution of the situation, that the president of the Liberty Bank & Trust Company was brought into speedy contact and agreement with the president of the American Bank & Trust Company, and through this entirely new agency the final merger of the banks was consummated.

Plaintiff's services were not the efficient or procuring cause of the merger effected, and the judgment of the lower court rejecting plaintiff's demand at his cost is correct, in our opinion.

Judgment affirmed.

O'NIELL, C. J. (dissenting). My opinion is that plaintiff is entitled to a fair compensation based upon the stockholders' equity in the American Bank & Trust Campany at the time of the consolidation. The board of directors of that bank, on March 16, 1922, adopted the following resolution, viz:

"Whereas, the proposed merger between the American Bank & Trust Company and the Liberty Bank & Trust Company was initiated through the efforts of Mr. Harold W. Newman, who brought the officers of the respective institutions together and suggested a basis of agreement; and

"Whereas, as a result of his efforts, this merger has been approved by this board of directors and will probably be approved by the stockholders of this bank; and

"Whereas, 'the laborer is worthy of his hire'

and a basis of 3 per cent. on the admitted stockholders' equity in each bank at the time of consolidation has been suggested and agreed upon as fair: Be it therefore

"Resolved that at the time of consolidation a reserve be set aside to cover this brokerage, which, upon the presently agreed basis, will be 3 per cent. on $214,285.71, or $6,428.57, and that this amount shall be due and payable to Mr. Newman upon demand when and after the presently proposed consolidation between the American and Liberty Banks shall have been ratified by the stockholders and shall have been consummated."

It is true that the memorandum agreement submitted by Mr. Newman and accepted by resolution of the board of directors of the American Bank & Trust Company on the 16th of March, 1922, is not the agreement that was finally carried out; and Mr. Newman is therefore not entitled to recover under a contract; but we must bear in mind that he is suing on a quantum meruit. According to my judgment, the proposed merger "initiated" by Mr. Newman as broker was not finally abandoned, but, aided by the financial failure of Shepard & Gluck, resulted in the merger that was eventually consummated.