BLASINI v. CHARBONNET

(February 11, 1929. Opinion and Decree.)

McCaleb & McCaleb, of New Orleans, attorneys for plaintiff, appellee.

Charles J. Rivet, of New Orleans, attorney for defendant, appellant.

JONES, J. Plaintiff, a real estate broker, sues upon an alleged verbal contract of employment made on or about December 20, 1923, for the sale of defendant's property, for the customary commission of three per cent. He avers that, through his efforts, one Vito Manalle became interested as a prospective purchaser, and that the eventual sale of the property to Manalle was the direct result of his negotiations, after a definite promise had been made by defendant to pay him a commission, if Manalle bought.

Defendant, after denying the contract and the procurement of Manalle as a purchaser by the efforts of the plaintiff, averred that his property had been sold by another, and that plaintiff had been warned not to interfere in the negotiations which were pending between him and Manalle.

There was judgment below for amount claimed, based upon the verdict of a jury, which defendant had demanded.

After his motion for a new trial had been refused, defendant appealed suspensively to this court.

Although several documents were offered in evidence by plaintiff and defendant, the record in this court contains only three: One a written offer, good for 10 days, of April 16, 1924, by Vito Manalle, addressed to the plaintiff to pay $15,250 cash for the property to defendant and assume all the taxes for the year 1924, and to make a deposit of ten per cent cash as soon as

the offer was accepted. The second document is an exclusive ninety-day contract for the sale of this property for $17,000, made by defendant with Onorato, another real estate agent, on January 16, 1924. In this exclusive contract defendant agreed to pay four per cent commission. The third document reads as follows:

"Dr. L. S. Charbonnet does hereby agree to sell to John Terranova, who agrees to purchase, the property No. 2714 Esplanade Avenue, on lot measuring as per title, for the price and sum of Fifteen Thousand, Two Hundred and Fifty Dollars ($15,250.00) Cash. The taxes for 1924 are to be pro-rated as of the date of the passing of the act of sale. Act of sale is to be passed within forty-five days from this date at purchaser's expense, before his Notary.

"The vendor is to retain possession free of rent until June 10th, 1924.

"The purchaser has paid to the vendor at the execution of these presents the sum of Fifteen Hundred and Twenty-Five Dollars ($1525.00) on account of the purchase price, receipt of which is hereby acknowledged; said payment is not to be construed as earnest money, both parties reserving the right to specific performance.

"The vendor will pay for the usual and necessary certificates and for the United States Internal Revenue Stamps on the sale.

"In faith whereof, these presents have been executed in duplicate, in the City of New Orleans, on the 25th day of April, A. D. 1924.

"(Sd.) John Terranova,
"(Sd.) L. S. Charbonnet."

The testimony of both plaintiff and defendant is vague and inconclusive, but there are facts brought out by other witnesses tending to confirm the stories of either. Were the question presented to us as a new proposition, we would dismiss the suit on the ground that plaintiff's testimony was too vague to support a decision in his favor, and we would do so even now, in spite of the contrary decision of the trial judge on the question of fact as to the existence of the verbal contract, had not defendant on April 25th made the above-outlined contract with Terranova, just one day before Manalle's offer expired.

The record shows conclusively that Manalle was present when this document was signed by the defendant and Terranova, and that he gave his check that same afternoon to Terranova for $1,525, and that Terranova was merely a party interposed, who never had any intention of taking the property. If the statement of Dr. Charbonnet were true, that he had all along warned plaintiff to "keep off of Manalle," we can see no possible reason for his written agreement to sell to Terranova for a smaller price than that offered by Manalle. The only possible reason for interposition of this third party was to avoid paying commission to plaintiff, who would hardly have gone to the trouble of getting a written offer from Manalle if defendant's statement were true. This act of defendant speaks far louder than many words and tends to bolster up the testimony of plaintiff and his salesman, Bernard, to the effect that there was a verbal contract.

Appellant's able attorney, in his argument and brief before this court, emphasizes especially two alleged errors in the trial below:

First, he avers that defendant's verbal contract, if any ever existed, was cancelled by the exclusive ninety-day contract of Onorato, and that plaintiff has been allowed to recover on a contract different from that on which he sued. This contention is not sustained by the evidence. The fact that plaintiff waited to secure the written offer from Manalle until April 16th, the day Onorato's contract expired, tends to show, as testified by plaintiff, that he

wished, if possible, to save defendant the payment of two commissions.

The second error urged by appellant is that his objection of "res inter alios acta" should have been sustained to the introduction of Manalle's written offer. However, plaintiff testifies that he showed this document to defendant in one place, and in another that he held it in his hand to show defendant, but did not remember whether defendant looked at it or not, as defendant told him at once that he had already sold the property to someone else other than Manalle. As Bernard, the salesman, swore that Manalle had made the written offer, and as Manalle, one of the defendant's witnesses admitted on the stand that he had signed the offer and outlined in detail all its particulars, we do not think that the introduction of this document could have had the weight attributed to it by appellant.

Defendant further urges that there was no contract because no commission was agreed upon. But this court has decided that where one receives the services of another in the line of his business he is bound to pay the usual compensation for such services; and it is immaterial whether defendant sought the services of plaintiff or whether plaintiff solicited the employment. See Mason vs. Dry Hand Mop Co., No. 8528, Ct. of App. (Orl.) of the docket (see So. Rep. Dig.) affirmed in Harvey vs. Winters, 1 La. App. 383.

Defendant, however, claims that the decisions of this court are opposed to Mitchell v. Richardson, 155 La. 999, 99 So. 799. In this case the court found that there was no evidence to show employment, nor any evidence that plaintiff was the procuring cause; so it followed that there was no evidence to sustain a commission.

All of the cases cited are inapposite.

Taken all in all, we think this case is one for the application of the well-known rule that the appellate court will not reverse the judgment of the trial court upon a question of fact, unless there is manifest error.

For the reasons assigned, the judgment appealed from is affirmed.