## ZOLLINGER v. GUST et al.
### No. 17122.

Court of Appeal of Louisiana. Orleans.

Nov. 13, 1939.

Legier, McEnerny & Waguespack, of New Orleans, for appellant.

L. W. Cockfield, of New Orleans, for appellees.

McCALEB, Judge.

The defendants, Louis E. Gust, Mrs. Louise Gust, divorced wife of Louis Dorn, and Mrs. Anna Gust, divorced wife of Henri Soulie, were, prior to July 9, 1938, co-owners of a single cottage located on Marengo Street in the City of New Orleans. Being desirous of disposing of the property, they employed the plaintiff, John J. Zollinger, by written contract dated January 25, 1938, as their exclusive agent to secure a purchaser for them. By the provisions of this contract, the defendants granted to the plaintiff the sole and exclusive right to sell

the real estate for $4,500 cash and agreed to pay him a commission of four percent on the gross amount of any sale which might be effected during the term of three months from the date of his employment. It was further stipulated that, in the event the defendants should agree to sell the property within 45 days after the expiration of the contract to any person to whom the real estate had been quoted by the plaintiff during the term of his employment, the defendants would become liable to plaintiff for the commission provided for in the agreement.

In pursuance of this contract of employment, plaintiff advertised the property for sale and contacted several prospective purchasers. On April 25, 1938 (the last day prior to the expiration of his employment), he submitted to the defendants a written offer made by one Sidney J. Gutierrez to purchase the property for $3,500. This offer was rejected by the defendants. Subsequently, however, after plaintiff's contract had expired, the defendants verbally agreed to sell the property to Mr. Gutierrez on the same terms and conditions as those contained in his offer of April 25, 1938, which had been previously rejected by them and on July 9, 1938, they conveyed it to him by notarial act.

Shortly after the transfer, the plaintiff instituted this suit against the defendants seeking to recover a commission of four percent on the gross amount of the sale. He claims that the agreement of sale which was later consummated on July 9, 1938, was entered into prior to the expiration of his contract of employment and that it was through his efforts that the purchaser of the property was procured.

The defendants resist liability in the case on the ground that plaintiff's contract of employment had expired prior to the time they agreed to convey the property to Mr. Gutierrez.

After a trial on these issues, there was judgment in the court below in favor of the defendants and plaintiff's suit was dismissed. Wherefore this appeal.

Under the contract between the parties, which is dated January 25, 1938, the plaintiff was employed as the defendants' exclusive agent for a period of three months to sell the property for $4,500. The contract further provides:

" * * * and I/we agree to pay you or your successors a commission of 4% as fixed by the Real Estate Board of New Orleans, Inc., on the gross amount of any deal (agreement to sell or exchange) bearing on said property, (minimum commission to be $20.00 on City Property, other property $25.00), that may be negotiated during the existence of this contract *or on the gross amount of any such agreement made within forty-five days after the expiration or termination of this contract, with anyone to whom said property has been quoted, during the term of this contract* * * * ". (Italics ours.)

The plaintiff admits that he did not procure a purchaser who made an acceptable offer on the real estate during the primary term of the contract which ended on April 25, 1938, and that the offer made by Mr. Gutierrez on that day was rejected by the defendants. He maintains, however, that, within 45 days after his exclusive agency had expired, the defendants agreed to sell the real estate to Mr. Gutierrez on the same terms and conditions as were set forth in the offer procured by him and that, by virtue of the above quoted stipulation in the contract of employment, they became liable to him for a commission.

The provision in the contract, respecting the plaintiff's rights within the 45 day period after its termination, is clear and explicit. The defendants must therefore concede that, if they agreed verbally or otherwise to convey the property to Mr. Gutierrez within 45 days from April 25, 1938, they are liable for plaintiff's commission since the purchaser was undoubtedly a prospect procured by the plaintiff during the existence of his employment.

Accordingly, the question presented relegates itself to one of fact, i. e., did the defendants make an agreement with Mr. Gutierrez to sell him the property prior to or on June 9, 1938, which was the last day of the 45 day stipulation? In approaching a discussion of the evidence on this point (which we find to be in hopeless conflict) it is well to state the facts which are admitted by both parties. It is conceded that the defendants conveyed the property to Mr. Gutierrez for the same price, viz: $3500, and on the same terms contained in his original offer of April 25, 1938; that, previous to the passage of the act of sale on July 9, 1938, defendants entered into a verbal agreement to sell him the real estate; that on June 14, 1938, or four days after the 45 day period had expired, Mr.

Gutierrez made application to the Equitable Mutual Homestead Association for a $2500 loan on the property and that defendants' agreement to sell him the property was made sometime prior to the date on which he applied to the homestead for a loan.

It is the contention of the defendants that the verbal agreement to sell the property was made on June 10, 1938, between Mrs. Louise Gust, wife of one of the defendants, and Mrs. Gutierrez, wife of the purchaser; that this agreement was subject to their approval and that they did not agree to accept the $3500 offer until after June 10th, 1938.

It should be remarked at this point that, in view of the fact that the agreement to sell the real estate resulted from verbal negotiations between the defendants and the purchaser, the plaintiff was not in a position to prove with certainty the exact date upon which the agreement was made and that he could only rely upon the circumstances surrounding the transaction (which were indeed suspicious) in order to show that the deal was confected prior to June 10, 1938.

Four of the witnesses appearing in the case gave testimony concerning the time when the agreement to purchase was made. These were Mr. Gutierrez (an unwilling witness for plaintiff), Louis E. Gust, one of the defendants who was called by plaintiff for cross-examination, Mrs. Louis Gust and Mrs. Gutierrez, who testified in behalf of the defendants.

We find the statement of Mr. Gutierrez to be most unsatisfactory. In parts of his testimony, he says that the agreement to purchase the property was not made until August 9, 1938, which is obviously incorrect because he obtained title to the place on July 9, 1938. When closely examined by plaintiff's counsel on this point, he partially corrects this untenable declaration by admitting that he applied for a loan on the property on June 14, 1938, and he explains that he is under the impression that his wife entered into the agreement with Mrs. Gust approximately four or five days prior to the time he made his application to the homestead. If the agreement was made five days before the loan was applied for, or on June 9, 1938, then plaintiff would be entitled to recover since June 9th was within the 45 day period provided for in the employment contract.

The evidence of the defendant Louis E. Gust, who was called by the plaintiff for cross-examination, is likewise uncertain and indefinite. In answer to some of the questions propounded to him, he fixes the date of the agreement of sale as being June 9, 1938. Later, in his testimony, he contradicts himself and proclaims that the contract was not entered into until June 10th or 11th.

The witnesses tendered by the defendants are Mrs. Louis Gust, wife of one of the defendants, and Mrs. S. J. Gutierrez, wife of the purchaser. The stories told by these ladies are substantially the same. They say that, for some time prior to the expiration of plaintiff's employment, Mrs. Gutierrez was anxious to purchase the defendants' property but that she did not want to pay more than $3500 for it; that the defendants did not want to sell for that price but that they were willing to take $3700; that, on June 10, 1938, Mrs. Gust finally agreed to accept $3500 and that, sometime after that date, the defendants gave their approval of the transaction. On cross-examination, these witnesses were asked why they were so positive in fixing the date of the agreement of sale as being June 10, 1938. Their answers in response to their questions are not impressive. In truth, when we analyze their testimony in connection with the chain of events surrounding the purchase of the property, it becomes clear to us not only that they had arrived at a definite understanding with respect to the sale of the house long before the 45 day period had elapsed but that this agreement was made with the approval and consent of the parties to the sale.

█ It is also singular that two of the defendants, Mrs. Louise Gust and Mrs. Anna Gust, did not take the witness stand at the trial. Their evidence was of utmost importance as they could have undoubtedly thrown much light upon the question presented. Since no plausible reason has been offered for the absence of their testimony, we are justified in presuming that their evidence would have been unfavorable to the contention of the defense.

█ We further find that the fact that the transaction was not actually consummated until July 9, 1938, is of no importance in determining whether the agreement to sell was made prior to the expiration of the 45 day period. Forasmuch as plaintiff's contract of employment protected him against all agreements to sell which were

made within a specific length of time from the termination of the agency, the delay in passing the act of sale cannot be said to have affected his rights. See Harvey v. Winters, 1 La.App. 383; Viguerie v. Mathes, 10 La.App. 246, 120 So. 542, and Wolf v. Casamento, La.App., 185 So. 537.

On the whole, we think that the circumstances surrounding the deal between the defendants and Mr. Gutierrez are such as to warrant the resolution that the agreement to sell was made prior to the expiration of the 45 day period provided for in the contract of employment and that, therefore, plaintiff is entitled to recover the stipulated commission.

Counsel for the defendants finally contends that the plaintiff is not entitled to a judgment because the verbal offer made by Mr. Gutierrez to purchase the property contained a potestative condition in that the offer was subject to the purchaser's ability to obtain a loan on the property. The short answer to this proposition is that the contract of sale was duly executed between the parties and the defendants cannot now be heard to complain that the agreement was subject to a condition which has been fulfilled.

After the rendition of the judgment in the lower court, one of the defendants, Mrs. Louise Gust, divorced wife of Louis Dorn, died intestate in the City of New Orleans. Her succession has been opened and her co-defendants in this suit, Louis E. Gust and Mrs. Anna Gust, divorced wife of Henri Soulie, have been judicially recognized as her heirs and have been sent in possession of her estate in the portion of an undivided half to each of them. A petition has been duly filed and an order granted in this court authorizing the plaintiff to continue these proceedings against the co-defendants of the deceased as her heirs at law and it follows that they are liable in solido to the plaintiff.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be and it is reversed and it is now ordered that there be judgment in favor of the plaintiff, John J. Zollinger, and against the defendants, Louis E. Gust and Mrs. Anna Gust, divocred wife of Henri Soulie, in solido, for the full sum of $140 together with legal interest thereon from judicial demand and for all costs.

Reversed.