289 So.2d 358 (1973)
Ralph E. HAMBERLIN, d/b/a Hamberlin Agency
v.
T. W. BOURGEOIS.
No. 9638.
Court of Appeal of Louisiana, First Circuit.
December 17, 1973.
*359 E. Lynn Singleton and Duncan S. Kemp, III, Hammond, for appellant.
Burrell J. Carter, Greensburg, for appellee.
Before SARTAIN, LANDRY and WATSON, JJ.
WATSON, Judge ad hoc.
This is a suit to recover a real estate commission of $4,216.80 allegedly owed by defendant to plaintiff. A listing agreement was executed by defendant, T. W. Bourgeois, on January 8, 1972, giving plaintiff, Ralph E. Hamberlin, d/b/a Hamberlin Agency, an exclusive listing for 90 days of 202 acres of land at $350 an acre and $24,300 worth of equipment for a total of $95,000 with a commission of 6 per cent to be paid only on the land. The agreement provided that:
"Should the property be sold within 60 days after expiration of this contract to anyone to whom the said agent has previously offered it, I/we agree to pay said agent the above stipulated commission on the sale price." (TR. 130).
During the primary term of the agreement, the property was shown to George Troy McKenny (also shown as McKinney in the transcript). The secondary term of the agreement expired on or about June 4, 1972; Mr. McKenny purchased the property and equipment on June 28, 1972, for an amount stated in the deed to be $93,001. Plaintiff filed this suit alleging that Mr. Bourgeois and Mr. McKenny were in collusion to defer the sale and deprive him of his commission.
The trial court found for defendant and, in its reasons for judgment, stated: "... that there was no believable evidence introduced to support this allegation of collusion." (TR. 153). Further, the trial court found no binding agreement to purchase during the primary or secondary term of the listing; new negotiations subsequent to the expiration of the listing; an ultimate sale on terms other than those in the listing agreement; and initial knowledge of the property being for sale having been acquired by the purchaser from two people other than plaintiff.
Plaintiff has appealed from this adverse judgment, making six specifications of error in brief:
"I. That the Trial Court erred in finding that the absence of collusion between the seller and the Purchaser would defeat the right of the plaintiff to recovery.

*360 "II. That the Trial Court erred in holding that since negotiations between the parties had ceased that the rights of the plaintiff to recover were defeated.
"III. That the Trial Court erred in finding that because no binding agreement was entered into by the purchaser that the claim of the plaintiff should be defeated.
"IV. That the trial judge erred in holding that `new negotiations' were entered into subsequent to the expiration of all periods in the listing agreement and that therefore the claim of the plaintiff should be defeated.
"V. That the Trial Judge erred in holding that the ultimate sale took place on the terms different from those set forth in the listing agreement and that therefore the claim of the plaintiff should be defeated.
"VI. That the Trial Court erred in holding that the efforts of the plaintiff were not the `Procuring Cause' in the ultimate sale to the purchaser."
We agree with the trial court's finding that there was no believable evidence of collusion to deprive Mr. Hamberlin of his commission. However, it is correct that a finding of fraudulent collusion is not essential for Mr. Hamberlin to recover. Generally, a real estate broker is entitled to a commission if he is the "procuring cause" of a sale, even though the term of his listing agreement may have expired. Munson v. Alello, 199 So.2d 577 (La.App. 1 Cir. 1967).
While we have no reason to doubt the testimony of the two disinterested witnesses who said that they told Mr. McKenny the Bourgeois place was for sale, even Mr. Bourgeois admitted that his first contact with purchaser McKenny was when Mr. McKenny came to his farm with Tolar Hanks, Mr. Hamberlin's employee. However, even though a broker may have been of some initial aid in bringing parties together, it has been held that he is not entitled to a commission when he is unable to effect a sale; negotiations have ceased; and the owner himself reopens negotiations and completes a sale after his contract with the broker has expired. Bullis & Thomas v. Calvert, 162 La. 378, 110 So. 621 (1926). This is, in essence, what the trial court found to be the case here.
One problem that arises with this interpretation is that Bullis has been explained as turning on the fact that the eventual purchaser in that case had long known of and desired to purchase the property in question. Rolston v. Buff, 130 So.2d 732 (La.App. 1 Cir. 1961); Lawrence v. Bailey, 41 So.2d 474 (La.App. 2 Cir. 1949). That circumstance is not present here.
Further, we are not convinced that negotiations had in fact broken off between Mr. Bourgeois and Mr. McKenny prior to the consummation of the sale. It is undisputed that Mr. Hamberlin's employee Hanks showed Mr. McKenny the Bourgeois property; that Mr. McKenny expressed a desire to purchase the property; and that, in furtherance of this aim, Mr. Hamberlin assisted Mr. McKenny in filling out an application for an F.H.A. loan. Approval of the loan was delayed by a shortage of F.H.A. funds, and Mr. McKenny did not realize he would obtain the loan and be able to make the purchase until the 23rd or 24th day of June. This delay does not constitute a break off of negotiations, particularly since Mr. McKenny was advised that the chances of the loan being approved were good and knew the reason for the delay. The only other evidence of a break in negotiations was Mr. Bourgeois' testimony that a dispute over the terms of the sale existed until June because, prior to that time, Mr. McKenny did not want to buy Mr. Bourgeois' cows, Mr. Bourgeois having Jerseys and Mr. McKenny, Holsteins. The seriousness of this *361 disagreement is shown by the fact that it was resolved as soon as Mr. McKenny obtained sufficient funds from the F.H.A. to include the cows in the purchase. There is no question that Mr. Hamberlin could not effect a sale only because Mr. McKenny's financing was delayed. There were no new negotiations between the parties.
Since the sale was concluded for a stated price of $93,001, rather than the original asking price of $95,000, the trial court concluded that the terms of the sale differed from those originally proposed. However, it has generally been held that a reduction in price no more significant than this does not operate to defeat a broker's commission. Jeter & Monroe v. Daniels, 25 So.2d 911 (La.App. 2 Cir. 1946); Viguerie v. Mathes, 10 La.App. 246, 120 So. 542 (1929); Corbitt v. Robinson, 53 So.2d 259 (La.App. 2 Cir. 1951); Lawrence v. Bailey, 41 So.2d 474 (La.App. 2 Cir. 1949).
This is not a case where the buyer had abandoned his intention to purchase and become interested in the property again at a later date. Rather, we have here a continuous uninterrupted transaction. Corbitt v. Robinson, supra.
As to whether or not Mr. Hamberlin was the "procuring cause" of the ultimate sale, the Louisiana jurisprudence convinces us that he was. "In every case where the broker has procured the purchaser, the courts have awarded judgment." Cruse v. Bruscato, 28 So.2d 56, at 58 (La.App. 2 Cir. 1946), writ of certiorari denied. From the testimony of Mr. McKenny, Mr. Hanks and Mr. Hamberlin, it is clear that Mr. McKenny went to talk to Mr. Hanks about buying a "place." Mr. Hanks mentioned the Bourgeois property and subsequently took Mr. McKenny to see it. Mr. McKenny then went to the farm again with Vernon D. McMorris, the F.H.A. County Supervisor, for the purpose of having the farm appraised. The appraisal was, of course, made in connection with Mr. McKenny's loan application. It was Mr. Hanks' active effort to interest Mr. McKenny in the property that produced the subsequent course of events. Womack Agencies v. Fisher, 86 So.2d 732 (La.App. 1 Cir. 1956). There is no question that Mr. Hanks, Mr. Hamberlin's employee, was responsible for the sale ultimately taking place.
The absence of a binding purchase agreement during the term of the listing agreement does not affect plaintiff's right to recovery under the cases cited herein.
Plaintiff is only entitled under the listing agreement to a 6 per cent commission on the price of the land. The deed does not distinguish between the price of the property and that of the equipment. Mr. McKenny testified that he paid $350 per acre for the land, or the original asking price. Mr. Bourgeois also testified that there was no question about the price of the land; all the negotiations concerned his equipment and cows. We conclude that plaintiff is entitled to a commission of 6 per cent on the number of acres sold at $350 per acre. The number of acres is listed in the deed as 120.35 and 80.45 or a total of 200.80. The price of the land is $70,280, and plaintiff's 6 per cent commission is $4,216.80.
For the reasons assigned, the judgment of the trial court herein is reversed; and it is therefore ordered, adjudged and decreed that there be judgment herein in favor of plaintiff-appellant, Ralph E. Hamberlin, d/b/a Hamberlin Agency, and against the defendant-appellee, T. W. Bourgeois, for the sum of $4,216.80, together with legal interest from date of judicial demand, August 24, 1972, until paid.
All costs, including the cost of this appeal, are taxed against T. W. Bourgeois.
Reversed and rendered.